## Aetna Casualty & Surety Co. v. Patton et al.

(Decided Feb. 10, 1933.)

J. R. LAYMAN, and HUMPHREY, CRAWFORD & MIDDLETON for appellant.

DOWLING & BAIRD for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER —Reversing.

Patton and Moss brought this action against the Ætna Casualty & Surety Company to recover on a policy of insurance issued to them as the owners of a Ford truck. The company denied liability, and on the trial of the case there was a judgment for the plaintiffs for $240. The company appeals. The facts are these: Patton and Moss were running a tobacco loose leaf warehouse at Horse Cave, Ky. For several years J. G. Rayburn had been hauling tobacco for them to the

warehouse. He needed another truck. Patton and Moss then bought the truck in question, took out the policy, and delivered the truck to Rayburn under an agreement that he would haul the tobacco to the warehouse and pay them for the use of the truck at the rate of 20 cents a hundred pounds for the tobacco he hauled. Rayburn put the truck in the possession of his son-in-law R. B. Schlinker to operate on the same terms as he had received it from Patton and Moss. Schlinker loaded the truck with a crop of tobacco belonging to W. E. J. Jeffries; Rayburn loaded another truck, and they started to the warehouse. As they were going along, the truck driven by Schlinker collided with the side of a culvert and became incapable of carrying the load. They then went to R. Kidd and got him to come with his truck. They put the tobacco on Kidd's truck and then hitched the crippled truck behind it. As they went up a hill, Schlinker, who had been going in high gear with the empty truck, cut the engine off. As a result, both trucks backed, and in the backing movement the loaded truck ran off the side of the road and about half of the tobacco was thrown into a pond and injured. The company denied liability on the policy which contained this clause:

"The company shall not be liable under any clause of this policy for any loss or damage occuring while the automobile described herein is rented under contract or lease, unless it is indicated in the application of the assured that it is to be so used and a premium paid therefor."

In the specifications of what was insured, the policy also contained this exception:

"Excluding, however, property of the assured or property in custody of the assured, or which is rented or leased by the assured, or property carried in or upon any automobile of the assured."

It was not indicated in the application of the assured that the truck was to be used under a rental contract. E. L. Green was the local agent of the company at Horse Cave, and, when Patton and Moss bought the truck, they went to Green to have it insured. Green made this statement as to what occurred:

"Q. What was the conversation between you and Mr. Patton in regards to this policy? A. I

don't recall just exactly. Mr. Patton came to me some time in early December and told me he had bought a truck to haul tobacco to the warehouse. He explained to me at that time that Mr. Rayburn who had operated a truck heretofore, was going to operate this truck and he wanted insurance to protect him. I wrote the company for liability and personal injury."

The testimony of Patton and Moss does not go beyond this. Neither of them state that Green was told what their agreement with Rayburn was or on what terms he would operate the truck. Under the contract made by Rayburn and Schlinker with the farmers, the latter paid them for hauling the tobacco to the warehouse. Green was not told this, or that Rayburn paid Patton and Moss for the use of the truck at the rate of 20 cents a hundred pounds for all the tobacco he hauled on the truck.

The main question presented is, Should the court under the evidence have instructed the jury to find for the defendant?

Under the contract, the defendant was not liable (1) if the truck was "rented under contract or lease," or (2) if the property was "in custody of assured." If the truck was not rented to Rayburn, then he held it as agent for Patton and Moss to bring the tobacco to their warehouse. Clearly he had possession of the truck, either for himself or as their agent. If he held it for himself under the contract, then the truck was "rented under contract," and the defendant is not liable. If he did not hold it for himself but only as the agent of Patton and Moss to haul tobacco for them to their warehouse, then the tobacco was in their custody; for the custody of the agent is the custody of his principal. If the loss had occurred when the truck struck the side of the culvert, this would probably be conceded; but Kidd was only an agent selected by Rayburn and Schlinker in an emergency to complete what they had begun; the two trucks were chained together, and Schlinker and Kidd were jointly in custody of the property; it continued in the custody of the agent as it was before.

Judgment reversed, and cause remanded for further proceedings consistent herewith.